NOT DESIGNATED FOR PUBLICATION

No. 116,930

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RODNEY KINDLE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Lyon District Court; JEFFRY J. LARSON, judge. Opinion filed November 22, 2017. Affirmed.

*Rick Kittel*, of Kansas Appellate Defender Office, for appellant.

*Darrell L. Smith*, assistant county attorney, *Marc Goodman*, county attorney, and *Derek Schmidt,* attorney general, for appellee.

Before ARNOLD-BURGER, C.J., LEBEN and POWELL, JJ.

LEBEN, J.: Two law-enforcement officers in Emporia, Kansas, suspected that Rodney Kindle had been selling methamphetamine. So they began taking turns following him as he drove, hoping to observe a traffic violation so that they could stop him—and also hoping that some evidence of a drug offense might turn up during that stop.

When one officer saw Kindle fail to signal before turning, he told the other officer by telephone, and that officer stopped Kindle. During the stop, Kindle admitted that he

had a meth pipe in the car. Officers then searched the car and found a plastic bag with residue that later tested positive for meth.

The State charged Kindle with possession of methamphetamine, a felony, and possession of drug paraphernalia, a misdemeanor. Kindle was convicted of both offenses in a trial to the district judge. The court then sentenced him to serve 20 months in prison (the standard sentence provided for in our state's sentencing guidelines based on the drug offense and Kindle's criminal-history score).

Kindle has appealed, raising only one issue: that the car stop was improper, so the district court should have sustained his pretrial motion to suppress the evidence found at the time of the stop. Kindle argued that the officer who stopped him, Deputy Heath Samuels, didn't have the required reasonable suspicion to make the car stop. But after Kindle filed his motion, the State presented evidence at a hearing from both of the officers, Deputy Samuels and Emporia police officer Dominick Vortherms. Vortherms testified that he saw Kindle fail to signal before turning right from one street to another. Vortherms said he then called Samuels to make the stop so that Vortherms wouldn't have to make a U-turn.

Although Kindle testified too—and said he signaled the turn—the district court, which heard the testimony, found Vortherms' testimony more believable. The court concluded that Samuels had sufficient reason to stop Kindle based on the information Vortherms provided; on that basis, the court denied Kindle's motion to suppress the evidence found in his car.

On appeal from the denial of a motion to suppress evidence, we must accept the district court's factual findings if they are supported by substantial evidence. We then review the district court's ultimate legal conclusion independently, without any required

2

deference to the district court. *State v. Patterson*, 304 Kan. 272, 274, 371 P.3d 893 (2016).

While Kindle testified that he signaled his turn, the district court found otherwise. Since there's evidence in support of the district court's conclusion—Vortherms' testimony—we must accept that conclusion. We do not reweigh the evidence or judge witness credibility. *State v. Guein*, 53 Kan. App. 2d 394, 402-03, 388 P.3d 194 (2017).

Officers can stop and briefly question a person if they have a reasonable suspicion based on articulable facts that the person has just committed, is committing, or may be about to commit a crime. See *Arizona v. Johnson*, 555 U.S. 323, 326-27, 129 S. Ct. 781, 172 L. Ed. 2d 694 (2009); *Terry v. Ohio*, 392 U.S. 1, 21-23, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968); *State v. Sharp*, 305 Kan. 1076, 1081, 390 P.3d 542 (2017). Reasonable suspicion that the driver has committed a traffic infraction is sufficient—and that's so even if the officer is using the traffic infraction as a pretext to investigate the driver for some other crime, as happened in this case. See *State v. Jones*, 300 Kan. 630, 638, 333 P.3d 886 (2014); *State v. Marx*, 289 Kan. 657, 661-62, 215 P.3d 601 (2009). And reasonable suspicion is itself a fairly low standard, requiring less than probable cause. *Sharp*, 305 Kan. at 1081.

So the stop was proper if it was based on the observation of Kindle's failure to signal his turn from one street to another. See K.S.A. 8-1548 (requiring a turn signal at least 100 feet before turning). Kindle objects that Deputy Samuels, who stopped him, hadn't seen the traffic infraction. But what's known as the collective-knowledge doctrine or the fellow-officer rule provides that one officer may stop a suspect at the direction of another, even if the officer doesn't have firsthand knowledge of the facts that provide reasonable suspicion, as long as the officer providing the information has sufficient facts to support the suspicion. See *State v. Miller*, 49 Kan. App. 2d 491, 496-97, 308 P.3d 24 (2013).

3

The district court concluded from the evidence that Officer Vortherms saw the traffic infraction and then called to have Deputy Samuels stop Kindle. That's perfectly appropriate given the collective knowledge of the officers.

Kindle also suggests that Vortherms was mistaken about having seen the failure to signal. But we cannot second-guess the district court's conclusion that Vortherms' testimony on this point was accurate. Since Kindle had committed a traffic infraction, the officers had sufficient cause to stop him.

The district court's judgment is affirmed.